UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                     :

UNITED STATES OF AMERICA           :

                                                    :   Docket No.: 16-CR-483 (JSR)

     -v-                                    :

                                                    :

STEFAN LUMIERE,               :

                                                    :

             Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

 

## STEFAN LUMIERE'S MOTION IN LIMINE
## TO ADMIT EVIDENCE OF CONSCIOUSNESS OF INNOCENCE

 

Eric M. Creizman (EC 7684)
Melissa Madrigal (MM 4572)
CREIZMAN PLLC
565 Fifth Avenue, Fl. 7
New York, New York 10017
T: (212) 972-0200
F: (646) 200-5022
E: ecreiz@creizmanllc.com

January 6, 2016

We respectfully submit this brief memorandum in support of Stefan Lumiere's motion in limine to admit evidence of consciousness of innocence: namely, that Mr. Lumiere voluntarily provided to the government and consented to the search of electronic storage devices containing recorded conversations that the government seeks to use in this case.[1]

Mr. Lumiere calls the Court's attention to a case in which Judge Buchwald excluded evidence the defendant sought to admit as consciousness of innocence pursuant to *Biaggi* under similar, but less compelling circumstances:  where the defendant provided his lawyers with incriminating notes that were turned over to the SEC pursuant to a subpoena.  *United States v. Grant*, 2008 WL 4579992 (S.D.N.Y. Oct. 14, 2008). Nevertheless, and although the defendant did not testify, Judge Buchwald permitted defense counsel, based on evidence adduced through testimony at trial, that the jury could infer consciousness of innocence from handing over those notes to the SEC.  *Id.* at **5,7.

Here, the circumstances are more compelling because the electronic storage devices Mr. Lumiere provided were not subject to subpoena, had been overlooked in conducting the search, and Mr. Lumiere knew the government did not believe he was innocent.

The hearsay rule is not implicated by the introduction of such non-verbal conduct unless the declarant meant the non-verbal conduct as an assertion.  Here, the non-verbal conduct is merely intended to provide circumstantial evidence to the jury of a fact: that

---

[1] I spent over four hours drafting and researching a motion that was very nearly done. Literally two sentences away.  Then Microsoft Word crashed and I was forced to submit a substantially truncated submission in order to meet the Court's deadline.  By any standard, given the amount of preparation I must do for trial, this has not been my day.

Mr. Lumiere believed he was innocent of the alleged offense.  *Cf. Wilson v. Clancy*, 747 F. Supp. 1154, 1158 (D. Md. 1990); *United States v. Campbell*, 507 Fed. Appx. 150 (3d Cir. 2012); *United States v. Brock*, 667 F.2d 1311, 1315 n.2 (9th Cir 1982).

## **CONCLUSION**

For these reasons, we respectfully request that the Court permit Mr. Lumiere to admit evidence of consciousness of innocence based on his voluntary production of the electronic storage devices.

Respectfully submitted,

/s/ Eric M. Creizman
Eric Creizman (EC-7684)
Melissa Madrigal (MM-4572)
Creizman PLLC
565 Fifth Avenue, Fl. 7
New York, New York 10017

Dated: January 6, 2017
        New York, New York