**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : Docket No.: 1:16-CR-00483-JSR |
| | : |
| -v- | : **DECLARATION OF** |
| | : **JONATHAN N. HALPERN** |
| STEFAN LUMIERE, | : |
| | : |
| Defendant. | : |

---------------------------------------------------------------X

I, JONATHAN N. HALPERN, hereby declare under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney duly admitted to practice law in the courts of the State of New York and before this Court. I represent Stefan Lumiere in the above-captioned case.

2. On January 27, 2017, Mr. Lumiere engaged me and others, through Foley & Lardner LLP, to represent him in post-verdict proceedings in this case, in this court. Later that day, I spoke with Mr. Lumiere's trial counsel.

3. Also on January 27, 2017, I attempted to contact the prosecutors in this case. Later that evening, a conference call was arranged for the following morning.

4. On Saturday, January 28, 2017, a colleague and I participated in a conference call with the prosecutors during which we advised them that Mr. Lumiere had engaged us to represent him and to substitute as counsel for Mr. Lumiere's trial counsel. I also requested the government's consent to file pre-sentencing motions, including a Rule 33 motion, by March 31, 2017. I further advised the government that I wanted to arrange a call Monday with the Chambers of Judge Rakoff to advise the Court of the engagement and the proposed request to

extend the time to file motions.  The government advised that it would let me know sometime Monday (January 30, 2017) its response to my request for an adjournment, but it would not commit to doing so Monday morning.

5. Shortly after 11:00 am, when I had not heard back from the prosecutors, I emailed them to obtain their response regarding consent to the proposed deadline for the motion filing.  I reminded them of the desire to call Judge Rakoff's Chambers that morning to arrange a conference call today to set a motions schedule and that timing is of the essence in light of the current 14-day deadline this Thursday.

6. Shortly before 1:00 pm on January 30, 2017, the government emailed its consent to a one-week adjournment, to February 9, 2017, subject to the Court's authorization of our application for substitution of counsel, and advised it would be available for a call with Chambers.

7. On January 30, 2017, my colleague Jonathan H. Friedman and I arranged for both the defendant and his trial counsel to sign forms titled "Consent Order for Granting Substitution of Counsel," and we had submitted to the court executed copies of the forms for the court's approval. Late that afternoon, we attempted unsuccessfully to arrange with the prosecutors a call to Chambers that day or evening. Later in the evening we scheduled a conference call with the prosecutors and Mr. Lumiere's trial counsel to phone Chambers the next morning.

8. Shortly after 9:30 a.m., on January 31, 2017, the prosecutors, the defendant's trial counsel, Mr. Friedman and I called Chambers and reached voicemail.  I left a message that included the case name and number, identities of the parties on the call and a return telephone number.  After 3;00 pm that day, the same parties placed another call to Chambers, had a telephone conference first with a law clerk of Judge Rakoff's and then with Judge Rakoff.

9.      On January 31st and February 1st, Mr. Lumiere's trial counsel and I exchanged email messages regarding the transfer of Mr. Lumiere's files, and we received files on February 2nd and supplemental materials by email the following day. I anticipate receiving additional records and further engaging with Mr. Lumiere's trial counsel about the records.

10.     The materials received from Mr. Lumiere's trial counsel include hard drives, approximately 20 CDs and hard copy documents. One of the hard drives containing folders marked "Case Files," which I understand comprise approximately 17,000 documents, or approximately 22.3 GB of data.

11.     Yesterday afternoon, Mr. Friedman emailed the prosecutors to provide notice, pursuant to paragraph 5 of the protective order, of counsel's intention to include portions of certain pages of GX1202T in the publicly-filed submission to be made today. The email requested that they communicate any objections to counsel by 10:00 a.m. today. I am advised that no objections were received and that Mr. Friedman attempted to reach the prosecutors by phone but no one answered his calls.

12.     I hereby declare that the foregoing is true and correct to the best of my knowledge under penalty of perjury under the laws of the United States of America.

Dated: February 6, 2017                                    /s/ Jonathan N. Halpern
       New York, New York