Petitioner Stefan Lumiere v. United States of America                Case No. 18-CV-9170 (JSR)

SL00001 Cover Page

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**STEFAN LUMIERE,**
        **Petitioner**

**Case No. 18-CV-9170 (JSR)**

V.

**UNITED STATES OF AMERICA.**
        **Respondent**

**APPENDIX IV to be continued**

**(A134 –A135)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEFAN LUMIERE,

                Petitioner,

              -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------------X

**AFFIDAVIT**

18 CV _____

STATE OF NEW YORK  )
                            )  ss:
COUNTY OF NEW YORK  )

      **PAUL LEAND, JR.**, being duly sworn, deposes and states the following under the penalties of perjury:

      1.    My name is Paul Leand, Jr., I am over 18 years old and not a party to this action. I make this Affidavit in support of Stefan Lumiere's motion to vacate his conviction in United States v. Lumiere, 16 CR 483 (JSR), pursuant to 28 U.S.C. § 2255.

      2.    I am the Managing Director and CEO of AMA Capital ("AMA"), located in Manhattan, New York, a firm that provides financial advisory services across the maritime and offshore oil service sectors.

      3.    In mid-2011, AMA was retained to provide financial advisory services to the Nordic Trustee, as bond trustee, on behalf of a steering committee of bondholders in Sevan Marine ASA (the "Company"). Visium Asset Management ("Visium") was a member of the steering committee for this project, and at the time, the Company publicly noted the Voyager Spirit faced an additional $40 million in cost overruns.

4. During AMA's engagement, the steering committee was presented with an offer by a publicly traded company to purchase key assets of Sevan Marine relating to several of Sevan's properties, including the Voyager Spirit, for total consideration of approximately $668 million. As a result of negotiations among bondholders, the bondholders would receive fixed amounts upon delivery of each property.

5. This offer was announced publicly on 18 October, 2011; however, steering committee members were aware of the transaction prior to the public announcement. Visium attended these meetings. Stefan Lumiere was involved in these discussions.

6. I was unaware that Stefan Lumiere was charged in 2016 in the Southern District of New York with fraud in relation to his employment at Visium until August of 2018. I was never contacted by Eric Creizman, or another lawyer on behalf of Mr. Lumiere, in order to be interviewed, testify, or assist in his defense in any capacity.

_____
PAUL LEAND

Sworn to before me this
9 day of October, 2018

_____
Notary Public

ERIN MCMILLAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MC6291896
Qualified In Kings County
My Commission Expires 02-09-2022

A134 pg 2

Steven D. Pohl
Counselor at Law

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**BROWN**RUDNICK

direct tel   617.856.8594
direct fax   617.289.0433
mobile       617.543.7606
home         781.740.2382
spohl@brownrudnick.com

-----------------------------------------------------------X

STEFAN LUMIERE,

        Petitioner,   AFFIDAVIT

        - against -   18 CV_____

UNITED STATES OF AMERICA,

        Respondent.
-----------------------------------------------------------X

STATE OF NEW YORK        )
                         )  ss:
COUNTY OF NEW YORK       )

      **STEVEN D. POHL**, being duly sworn, deposes and states the following under the penalties of perjury:

      1.    My name is Steven Pohl, I am over 18 years old and not a party to this action. I make this Affidavit in support of Stefan Lumiere's motion to vacate his conviction in <u>United States v. Lumiere</u>, 16 CR 483 (JSR), pursuant to 28 U.S.C. § 2255.

      2.    I am a partner at the law firm of Brown Rudnick, LLP resident in Boston, and concentrate my practice in bankruptcy and corporate restructuring law. In or about early 2011, Brown Rudnick was retained by a group of creditors (the "ad hoc creditor committee") that owned second lien secured bonds issued by Nebraska Book Company, Inc. ("Nebraska Book"), which included Visium Asset Management, LLC ("Visium"), in advance of an anticipated bankruptcy filing by Nebraska Book.

      3.    Several months into Nebraska Book's bankruptcy case, one of the members of the ad hoc creditor committee made a proposal to purchase a majority equity interest in Nebraska

A135 pg 1

Book at a price that would have valued, and taken out, the second lien secured bonds for not more than 85% of par value. The proposal was set forth in a draft plan term sheet that was shared with a subset ("steering committee") of the ad hoc creditor committee that was formed to evaluate this proposal. The steering committee, of which Stefan Lumiere of Visium was a member, rejected the proposal as too low - preferring instead to pursue a restructuring of Nebraska Book's balance sheet by distributing the reorganized company's equity more ratably among the holders of the second lien secured bonds and selling it thereafter.

4. Once the effort to restructure Nebraska Book was underway, the ad hoc creditor committee hired the firm of Alvarez and Marsal in order to evaluate ways to optimize the retail operations of Nebraska Book. Alvarez and Marsal then identified some significant vendor credits which had not previously been factored in to the company's projected post-bankruptcy liquidity. This credit was viewed by some of the bondholders as not only improving Nebraska Book's liquidity profile (thus, helping to reduce the level of debt needed to exit bankruptcy), but also serving to increase Nebraska Book's overall enterprise value given the nature and extent of the vendor credits.

5. While I was aware that Stefan Lumiere was charged in 2016 in the Southern District of New York with fraud in relation to his employment at Visium, I was never contacted by Eric Creizman, or another lawyer on behalf of Mr. Lumiere, in order to be interviewed, testify, or assist in his defense in any capacity.

_____
STEVEN POHL

Sworn to before me this
____ day of September, 2018

_____
Notary Public
63160547 v2

A135 pg 2

2