

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 19, 2018

BY CM/ECF

The Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Stefan Lumiere v. United States,
               18 Cv. 9170 (JSR) (BCM)
               16 Cr. 483 (JSR)

Dear Judge Moses:

      Pursuant to the Court's October 15, 2018 Order, the Government writes in response to the defendant's *pro se* "motion to seal documents in the filed appendix per the protective order if still outstanding," dated October 10, 2018. (Dkt. 3.)

      First, the defendant asks the Court to seal various pages of his 1,295 page appendix. Although certain of the documents included in the appendix are subject to the protective order in the criminal case, the Government does not object to their being filed on the public docket or seek a remedy.

      Second, the defendant asks the Court to order "the Government to produce the full discovery" provided to him during the underlying criminal case "in a text-searchable format." This request should be denied. The Government has fully complied with its Rule 16 discovery obligations. Before trial, the Government produced discovery to his trial counsel, Eric Creizman. When the defendant switched counsel after his conviction, the Government re-produced portions of the discovery to his subsequent counsel, Jonathan Halpern, as a courtesy. Moreover, the Government produced discovery in the format in which it was originally received by the Government.

      Third, the defendant asks the Court to order "the Government to provide Full Transcripts and recordings of all recordings made by Immunized Witness Thorell for the Government or on his own that the Government is in possession of or believes may exist." This request should be denied. The Government has fully complied with its Rule 16, 18 U.S.C. § 3500, *Brady*, and *Giglio* obligations, including with respect to Thorell.

      Fourth, the defendant asks the Court to grant him a 90-day extension to file a second amended § 2255 petition. The defendant's initial 272-page petition (Dkt. 1) is frivolous and should

Case 1:16-cr-00483-JSR   Document 127   Filed 10/19/18   Page 2 of 2

Page 2

be denied. His 412-page first amended petition (Dkt. 4) is also frivolous and should be denied. The defendant provides no valid basis for his request to file a second amended petition, and thus this request should be denied as futile. *See*, *e.g.*, *Thompson* v. *United States*, 16 Cv. 3468 (AJN), 2018 WL 327249, at *6 (S.D.N.Y. Jan. 3, 2018) ("Petitioner's proposed amendment would be futile, and therefore leave to amend is denied.").

              Respectfully submitted,

              GEOFFREY S. BERMAN
              United States Attorney


           By:   /s/
              Ian McGinley
              Damian Williams
              Joshua A. Naftalis
              Assistant United States Attorneys
              (212) 637-2257 / 2298 / 2310

cc: Stefan Lumiere (by U.S. mail)