UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEFAN LUMIERE,

        Petitioner,

-against-

UNITED STATES,

        Respondent.

18-CV-9170 (JSR) (BCM)

16-CR-483 (JSR)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/18

**BARBARA MOSES, United States Magistrate Judge.**

After filing a 272-page "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255" on October 5, 2018 (Petition) (Dkt. No. 1), accompanied by a 1,295-page appendix, and a 412-page "First Amended Petition" on October 10, 2018 (Amended Petition) (Dkt. No. 4), accompanied by a 5-page supplemental appendix, petitioner Stefan Lumiere sought 90 days to further amend his pleading, "so that he may put together a cleaner and more streamlined 2255 Petition." (Dkt. No. 3, at 2.)

On October 26, 2018, over the Government's opposition (Dkt. No. 11), I granted petitioner's motion for leave to amend his pleading, in part, and directed him to file a Second Amended Petition, "in compliance with Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (2255 Rules)," on or before November 26, 2018, limited to 50 typed, double-spaced pages. Order dated October 26, 2018 (October 26 Order) (Dkt. No. 12), at 5-6.

On November 26, 2018, instead of filing a Second Amended Petition, petitioner filed a "Motion to File For a Further Extension of Time to File a 2nd Amended 2255 With No Page Limit Given the Complexity of the Case and the Overwhelming Exculpatory Evidence Already Provided to the Court Proving Petitioner's Actual Innocence" (Dkt. No. 13), followed one day later by a second copy of the same motion, this time accompanied by a one-sentence declaration (attesting

that "the following facts are true and correct") and 61-page appendix (collectively, the Extension Motion) (Dkt. No. 14, at ECF pages 2-71).[1]

In the Extension Motion, petitioner asks for "reconsideration" of the October 26 Order and seeks an *additional* 90 days, starting from "the date when he is released to home confinement" (a date petitioner does not disclose), to file his Second Amended Petition. Ex. Mot. at 1. In addition, petitioner asks the Court to reconsider the 50-page limit imposed in the October 26 Order and permit him to file a Second Amended Petition with "no page limit." *Id.* at 4. The Government opposes petitioner's requests as untimely and meritless. (Dkt. No. 17.)

The Government is correct that the Motion to Extend is in fact an untimely reconsideration motion. *See* Local Criminal Rule 49.1(d) (reconsideration motions must be filed and served within 14 days of the court's determination of the original motion); Local Civil Rule 6.3 (same). Moreover, petitioner's task is not to expand his already over-expanded pleadings, but rather to prepare a "cleaner and more streamlined" version, as he promised in his first extension motion. (Dkt. No. 3, at 2.) The facts he alleges in his new motion – that he was not permitted access to the voluminous electronic discovery produced during his underlying criminal case while he was in prison; that his § 2255 case relies in part on new evidence (some of which he first submitted with his original Petition on October 5, 2018); and that his post-trial counsel, Jeffrey Einhorn, failed to work on his direct appeal or perform other agreed-upon services, *see* Ex. Mot. at 2-3 – were all previously considered by the Court, and in any event do not add up to the "extraordinary

---

[1] The appendix consists largely of (a) emails sent to and from petitioner through the Bureau of Prison's TRULINCS email system, including communications with various attorneys and communications with intermediaries discussing advice or information received from attorneys, Ex. Mot. at ECF pages 10-54; (b) grievance letters complaining about restrictions imposed upon him by the halfway house where he now resides, *id.* at ECF pages 55-57; and (c) examples of the "new evidence" upon which petitioner intends to rely in connection with his habeas claim. *Id.* at ECF pages 58-64.

circumstances" that would be required to justify a more extended delay. *Green v. United States*, 260 F.3d 78, 85 (2d Cir. 2001) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). *See also Rivera v. United States*, 448 F. App'x 145, 146 (2d Cir. 2011) (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)) ("[T]he usual problems inherent in being incarcerated do not justify equitable tolling."). By the same token, petitioner is not entitled to an open-ended extension based on his contention that his current placement, in a halfway house, is so restrictive that it "is denying [him] access to the Courts and therefore prohibiting him to comply with Court deadlines." Ex. Mot. at 3. The Court notes that the Extension Motion itself is neatly typed, supported by multiple case citations, and accompanied by a declaration and a lengthy, indexed appendix.[2]

Petitioner's request that this Court reconsider his 50-page limit fares no better. According to petitioner, he should be released from any page limit because he is submitting "a free-standing innocence claim" that would permit the Court to "expand the writ of habeas corpus under the All

---

[2] The Court further notes that the emails included in that appendix appear to undercut at least some of petitioner's contentions regarding his former attorney Einhorn. On January 29, 2018 – after a period of discussion concerning strategic pros and cons, as well as relevant statutes of limitations – petitioner told Einhorn that he wished to file a § 2255 motion (which he sometimes referred to as a "habeas appeal"), and Einhorn agreed to "work with you to get it filed." Ex. Mot. at ECF pages 33, 36. On February 6, 2018, Einhorn advised petitioner to keep the habeas appeal narrowly focused on the alleged ineffectiveness of his trial counsel, Eric M. Creizman, rather than "go[ing] far afield," which would be "pointless." *Id.* at ECF page 36. Petitioner appears to have disregarded this advice. The emails also show that petitioner repeatedly asked Einhorn about obtaining an "extension" to file his § 2255 motion on the ground that he did not have full access to discovery while in prison. *See, e.g., id.* at ECF pages 23, 37. Based on his own legal research (apparently conducted in prison), petitioner suggested, in an August 1, 2018 email, that Einhorn file an "initial 2255 prior to the deadline in order to extend our time to submit and amend a properly written 2255 based on the review of an estimated 18 million documents in discovery." *Id.* at ECF page 38. Petitioner explained that his inability to review those documents in text-searchable form while incarcerated could be presented as an "extraordinary circumstance" warranting an extension of time to submit an amended petition. *Id.* (quoting *Green*, 260 F.3d at 85). Einhorn demurred, advising petitioner that "the usual problems inherent in being incarcerated," such as difficulty in accessing discovery material and communicating with counsel, "do not justify equitable tolling." *Id.* at ECF page 39 (citing *Rivera*, 448 F. App'x at 146, and other cases).

Writs Act and Constitution." Ex. Mot. at 5. However, "Federal law as of yet does not recognize freestanding actual innocence claims." *Bryant v. Thomas*, 725 F. App'x 72, 73 (2d Cir. 2018). Rather, a "convincing showing of actual innocence," based on new evidence not available at trial, can (in rare cases) serve as a "gateway to federal habeas review" in a case that would otherwise be procedurally or time-barred. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Petitioner does not explain what bar he seeks to overcome through a claim of actual innocence – nor why he needs more than 50 pages to set out the basis for that claim.

Notwithstanding petitioner's failure to comply with this Court's October 26 Order, fairness – including fairness to the Government and to the Court – counsels that petitioner be given one more opportunity do so. Consequently, the Extension Motion at Dkt. No. 14 is GRANTED to the extent that the deadline for petitioner to file his Second Amended Petition in compliance with the October 26 Order is extended to **January 31, 2019.** The 50-page limit remains. No further extensions will be granted.

The Clerk of Court is respectfully directed to close the sealed motion at Dkt. No. 13 and mail a copy of this Order to petitioner.

Dated: New York, New York
November 30, 2018

SO ORDERED.

_____
BARBARA MOSES
United States Magistrate Judge