UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA             :
                                     :        16-cr-483 (JSR)
        -v-                          :
                                     :        MEMORANDUM ORDER
STEFAN LUMIERE,                      :
                                     :
            Defendant.               :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

        After a jury convicted defendant Stefan Lumiere of securities
fraud, wire fraud, and conspiracy to commit those offenses, Lumiere
was sentenced on June 14, 2017 to 18 months' imprisonment and three
years' supervised release, as well as a fine of $1 million. See
ECF Nos. 112, 117. The Court orally imposed "a fine of $1 million
to be paid as 15 percent of his gross monthly income beginning
with the second month after he is released from prison." Sent.
Transcr. (ECF No. 117) at 30. The written judgment provided the
same: "The fine of $1,000,000.00 shall be paid at the rate of 15%
of the defendant's gross monthly income, commencing the second
month of release from incarceration." ECF No. 112 at 5.

        Lumiere was released from prison on December 28, 2018. See
ECF No. 155 at 2-3. Since then, Lumiere has made payments of $100
each month. Id. To date, Lumiere has paid $3,150 toward his fine;
an unpaid balance of $996,850 remains. Lumiere's fine is not in
default. Id.

1

Following months during which Lumiere disputed the Government's assertion that the net proceeds of the sale of his apartment earlier in the year could and should be applied to his remaining fine balance, the Government, on August 31, 2021, applied to the Court for writs of garnishment under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205, to collect Lumiere's fine. See ECF No. 146. The Government sought to garnish the net proceeds of the sale of Lumiere's apartment, $51,645 held in escrow by Lumiere's lawyer, Louis R. Rosenthal, Esq., in addition to $413,929 held by JPMorgan Chase in two investment accounts and two retirement accounts. See ECF No. 146. The Court determined the Government's application for writs of garnishment met the FDCPA's requirements and issued the writs on September 7, 2021. See ECF Nos. 147, 148. The Government served the writs on each garnishee and on Lumiere on or about September 9, 2021. See ECF No. 154. Both garnishees filed answers. See ECF Nos. 149, 153. Lumiere moved to quash the two writs of garnishment and requested a hearing, which the Court held on October 1, 2021.

Now before the Court is Lumiere's motion to quash the writs of garnishment. See ECF No. 151. Lumiere argues that the Government cannot seek full immediate payment of his fine when the criminal judgment provided for installment payments of 15% of his gross monthly income and when Lumiere has been making regular payments and is not in default. The Government counters that under 18 U.S.C.

§ 3613, the Government is entitled to a lien on Lumiere's nonexempt property, that Lumiere makes no argument that the property at issue here is exempt, and that the Court should thus deny Lumiere's motion to quash and enforce collection.

Lumiere's argument rests on 18 U.S.C. § 3572(d)(1), which provides that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." Lumiere argues that this implies that full payment is due immediately *only if* the court does *not* provide for installment based payments, and that if the court *does* provide for installment payments, the defendant need *only* make payments at intervals and in the amounts specified by the judgment. See Def. Br. (ECF No. 152) at 7-11. Lumiere argues that if a defendant required by the judgment to make installment payments could then later be required to pay the full restitution award immediately, despite not being in default, it would render meaningless another statutory provision, 18 U.S.C. § 3572(i), which provides that a defendant who defaults must pay the full restitution award within 30 days, "notwithstanding any installment schedule." Because a court interpreting a statute seeks to give effect to all of a statute's provisions so that no part is inoperative or superfluous, see Corley v. United States, 556 U.S. 303, 314 (2009), Lumiere thus argues that the proper reading is

that the installment payment in the judgment controls. Lumiere relies on nonprecedential cases from the Fifth and Tenth Circuits that have agreed with his general argument when addressing restitution orders, though those cases did not deal with fines. See United States v. Martinez, 812 F.3d 1200, 1205 (10th Cir. 2015) (holding that the government could not garnish assets beyond amount currently due under installment schedule when restitution order did not create immediately enforceable debt for full restitution amount); United States v. Hughes, 914 F.3d 947, 949-50 (5th Cir. 2019) (following analysis in Martinez and holding that government lacked authority to seek immediate payment of full restitution amount).

The Government points out that other Circuits have come out the other way,[1] and that the Second Circuit has yet to weigh in

---

[1]     The Government cites cases from the First, Third, Fifth, Sixth, Seventh, and Eleventh Circuits on the other side of its asserted split, though a number of the cited cases are not directly responsive to the issue in the present case. Most relevant are cases from the First and Fifth Circuits. See United States v. Hyde, 497 F.3d 103, 107-09 (1st Cir. 2007) (finding no error, let alone plain error where "the court's statutory authority to adjust a defendant's payment schedule is explicit," citing 18 U.S.C. § 3572(d)(3)); United States v. Ekong, 518 F.3d 285, 286-87 (5th Cir. 2007) (per curiam) (rejecting debtor's contention that installment plan prevented garnishment because nothing in criminal judgement was contrary to statutes allowing government to enforce victim restitution orders under FDCPA). Other Circuits have found that where language in the judgment provided that restitution is due immediately, there is no direct conflict between installment payments in the judgment and the Government's authority to enforce restitution orders via garnishment. See United States v. Behrens, 656 F. App'x 789, 790 (8th Cir. 2016) (per curiam) (holding that

4

directly. See Gov't Br. (ECF No. 155) at 8-9. The Government notes, however, that the Second Circuit has stated with respect to restitution under 18 U.S.C. § 3613 that the significance of any payment schedule "is diminished . . . by the fact that the victim may convert the restitution order into an abstract of judgment for the full amount of the restitution order, which 'shall be a lien on the property of the defendant.'" See United States v. Walker, 353 F.3d 130, 132-33 (2d Cir. 2003) (quoting 18 U.S.C. § 3664(m)(1)(B)).

The Government's statutory argument in opposition to Lumiere's motion to quash is straightforward: under 18 U.S.C. § 3613, the Government is entitled to a lien on Lumiere's property, regardless of whether he has defaulted on the payment schedule in the judgment. Upon entry of a criminal judgment, a lien automatically arises in favor of the United States on all property

---

"the payment schedule set forth in the judgment did not preclude the instant garnishment, because the judgment specified that the amount owed was due in full on the date of judgment; and notably, the judgment imposed the obligation to make installment payments without limiting the government's ability to institute civil collections proceedings"); United States v. Schwartz, 503 F. App'x 443, 444 (6th Cir. 2012) (rejecting defendant's argument on appeal of district court's enforcement of a writ of garnishment and holding that "[b]ecause the language in the judgment allowed for a sum certain of restitution to be due immediately, there is no merit to [the] argument"); United States v. Shusterman, 331 F. App'x 994, 997-98 (3d Cir. 2009) (per curiam) (noting that "the applicable statutes allow the Government to enforce restitution orders via a garnishment order" and that the defendant's "criminal judgment is not to the contrary" because it "provides that restitution is due immediately").

and rights to property of the person fined, in the same manner as the assessment of tax liability under the Internal Revenue Code. See 18 U.S.C. § 3613(c). Upon the Government's filing notice of the lien, "the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor . . . ." 18 U.S.C. § 3613(d). "Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined," except for certain tax-exempt property and property exempted under 28 U.S.C. § 3014. See 18 U.S.C. § 3613(a). The Government may, as it has done here, apply for writs of garnishment under the FDCPA to enforce the lien and collect a defendant's fine.

The Government argues that the plain language of 18 U.S.C. § 3613(a) makes clear that the payment schedule provisions in 18 U.S.C. § 3572(d) cannot override the Government's right to the lien and payment from defendant's nonexempt property, where § 3613(a) states that "[n]otwithstanding any other Federal law," a judgment may be enforced against all property and rights to property of a defendant. The Supreme Court has squarely held that "notwithstanding" clauses demonstrate Congress's intent to supersede conflicting provisions of any other statute. See Cisneros v. Alpine Ridge Group, 508 U.S. 10, 18 (1993) ("As we have noted previously in construing statutes, the use of such a 'notwithstanding' clause clearly signals the drafter's intention

that the provisions of the 'notwithstanding' section override conflicting provisions of any other section.") (internal citations omitted). The Government further argues that allowing the payment schedule in the judgment to preclude the Government from asserting its lien would render meaningless the provisions of 18 U.S.C. § 3613 describing the existence, breadth, and duration of the lien, thus counseling against such an interpretation of the statute. See Corley, 556 U.S. at 314 (noting that courts seek to avoid an interpretation that would render part of a statute inoperative or superfluous). Lumiere makes no argument that either the net sale proceeds of his apartment or his investment and/or retirement accounts are exempt property; the Government thus contends that because the property is not exempt from garnishment, the unpaid fine may be satisfied by the full amount of the net sale proceeds from Lumiere's apartment and the full liquidated value of his investment and/or retirement accounts.

While the Second Circuit has not directly addressed this question, the Court finds the Government's statutory argument entirely persuasive. Where 18 U.S.C. § 3613(a) states that "[n]otwithstanding any other Federal law," a judgment may be enforced against all property and rights to property of a defendant, the Court finds a clear indication that Congress intended for the provision to trump other statutory provisions, including in 18 U.S.C. § 3572(d), where a court imposing a fine

7

may provide for installment payments. This makes good sense, moreover, since the likely purpose of the installment provision was to allow a defendant to keep a portion of hard-earned employment, not to permit him to keep other assets from being used to satisfy his fine or similar obligations. Furthermore, to the extent that the Second Circuit has indicated any direction on this issue, that direction is more consistent with the Government's argument. See Walker, 353 F.3d at 132-33 (noting with respect to restitution that the significance of any payment schedule "is diminished" when another statutory provision allows for a lien on the defendant's property).

For the aforementioned reasons, Lumiere's motion to quash the writs of garnishment is denied.[2] The Clerk is directed to close the entry at docket number 151.

SO ORDERED.

Dated:    New York, NY

October 7, 2021                        _____
                                       JED S. RAKOFF, U.S.D.J.

---

[2]    However, given Lumiere's protestations in open court that he has been unable to find meaningful employment, the Government is encouraged not to leave the defendant entirely without financial support, even if he otherwise qualifies for public benefit programs.